IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HARALD SCHMIDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19-cv-1125 (LMB/JFA) |
| ) | |
| EQUIFAX INFORMATION SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

On October 10, 2019, the Court stayed all proceedings in this civil action pending a determination of the Judicial Panel on Multidistrict Litigation ("JPML") regarding whether plaintiff pro se Harold Schmidt's ("plaintiff" or "Schmidt") claims against defendant Equifax Information Services, LLC ("defendant" or "Equifax") should be transferred to the United States District Court for the Northern District of Georgia to be consolidated into In re Equifax, Inc. Customer Data Security Breach Litigation, MDL No. 2800, a multidistrict litigation proceeding. [Dkt. 15]. On October 31, 2019, after the JPML conditionally transferred Counts 1–8 to the In re Equifax MDL, this action was unstayed as to Count 9. [Dkt. 16]. On February 14, 2020, after the JPML vacated its conditional transfer order, this action was unstayed as to Counts 1–8, which "rejoin[ed]" Count 9. [Dkt. 58].

The In re Equifax MDL has since been resolved by a global settlement agreement which releases Equifax from liability on all claims that the settlement class members brought or could have brought against it. [MDL No. 2800, Dkt. 739-2]. The settlement class, of which plaintiff is undisputedly a member, consists of "[t]he approximately 147 million U.S. consumers identified by Equifax whose personal information was compromised as a result of the cyberattack and data breach announced by Equifax Inc. on September 7, 2017." [MDL 2800, Dkt. 742]. The In re

Equifax court subsequently issued an Order Directing Notice, which explained that "[i]f final judgment is entered, any settlement class member who has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the settlement and final judgment." Id.

On January 13, 2020, the In re Equifax court issued a Final Order and Judgment approving the class settlement. [MDL 2800, Dkt. 957]. The Order included an appendix listing all "[t]imely and [v]alid [e]xclusions." Id. Plaintiff was not listed as having opted out of the settlement class. Id. The Order also explained that "[t]he notice furnished to the [s]ettlement [c]lass," which included "individual direct notice via email to all [s]ettlement [c]lass [m]embers whose email addressed [could] be identified with reasonable effort," "a sophisticated digital notice campaign that reached at least 90 percent of all [s]ettlement [c]lass [m]embers," and "radio advertising and a paid advertisement in a national newspaper," "constituted the best notice practicable under the circumstances." Id.

On March 12, 2020, defendant filed a Motion to Dismiss or Stay Counts 1-8 of the First Amended Complaint, which seeks dismissal without prejudice or a stay of Counts 1-8 due to plaintiff's "failure to opt out of the In re Equifax settlement." On March 18, 2020, as part of his response to defendant's motion, plaintiff filed a Motion to Strike, which seeks to strike defendant's motion as a "sham pleading." On March 30, 2020, plaintiff filed a Motion to Dismiss And Or [sic] Continue Defendant's Motion to Dismiss Count [sic] 1–8 of Plaintiff's First Amended Complaint, which seeks to stay a ruling on defendant's Motion to Dismiss "[u]ntil such time that any and all [d]iscovery has been completed." Because the In re Equifax MDL has been resolved by a global settlement agreement of which plaintiff did not opt out, defendants' Motion to Dismiss or Stay Counts 1-8 of the First Amended Complaint [Dkt. 68] is GRANTED,

plaintiff's Motion to Strike [Dkt. 73] is DENIED, plaintiff's Motion to Dismiss And Or [sic] Continue Defendant's Motion to Dismiss Count [sic] 1-8 of Plaintiff's First Amended Complaint [Dkt. 86] is DENIED, and it is hereby

ORDERED that Counts 1-8 of this action be and are DISMISSED WITHOUT PREJUDICE to plaintiff re-filing those counts if the settlement agreement is not affirmed on appeal.

The Clerk is directed to forward copies of this Order to counsel of record and plaintiff pro se.

Entered this 30 day of March, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3