IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HARALD SCHMIDT,             )
                            )
        Plaintiff,          )
                            )
v.                          )          1:19-cv-1125 (LMB/JFA)
                            )
EQUIFAX INFORMATION SERVICES, LLC, )
                            )
        Defendant.          )

ORDER

Before the Court is plaintiff pro se Harald Schmidt's ("plaintiff" or "Schmidt") Motion to Reconsider, in which he seeks reconsideration of the Court's March 30, 2020 Order dismissing without prejudice Counts 1–8 of his First Amended Complaint. [See Dkt. 88]. Counts 1–8 were dismissed because they were covered by the global settlement agreement reached in In re Equifax, Inc. Customer Data Security Breach Litigation, Case No. 1:17-md-2800 (N.D. Ga.), of which plaintiff failed to timely opt out. Id. In his Motion to Reconsider, plaintiff asserts that dismissal "does not seem just and proper in [his] view" because he never received notice of the settlement or of his ability to opt out of it.

"[A] judgment entered in a class action is binding on each class member unless . . . the class member elects to timely opt out." In re MI Windows & Doors, Inc., Products Liab. Litig., 860 F.3d 218, 223 (4th Cir. 2018). In this vein, "[c]ourts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties." In re Prudential Ins. Co. of Am. Sales Practice Litig., 177 F.R.D. 216, 231 (D.N.J. 1997) (collecting cases). Moreover, to the extent plaintiff seeks relief from the opt-out provisions of the settlement agreement, that request is properly directed to the In re Equifax court, not this court. See, e.g., In re MI Windows, 860

F.3d at 225–27. Because plaintiff has not identified any grounds for reconsideration of the Court's March 30, 2020 Order, it is hereby

ORDERED that plaintiff's Motion to Reconsider [Dkt. 92] be and is DENIED.[1]

The Clerk is directed to forward copies of this Order to counsel of record and plaintiff pro se.

Entered this 3rd day of April, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[1] Plaintiff's Motion to Reconsider indicates his intent to immediately appeal the dismissal of Counts 1–8; such an appeal is unlikely to be successful because "[g]enerally, an interlocutory appeal is not permitted from orders of district courts prior to the entry of final judgment" on all counts. Foremost Guar. Corp. v. Cmty. Sav. & Loan, 826 F.2d 1383, 1386 (4th Cir. 1987).

2